IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30229
(Summary Calendar)
_____


AURELIO GARCIA RAMIREZ;
MARTIN MADRIGAL VARGAS;
ELMONZO FARMER; JOHN WYLY

                                        Plaintiffs-Appellants,

                        versus

CHARLES HARMON, Sheriff, Madison Parish;
JAMES D. CALDWELL, District Attorney;
CHARLES R. BRACKIN, Judge, Sixth Judicial
District Court; SIXTH JUDICIAL DISTRICT COURT,
MADISON PARISH

                                        Defendants-Appellees.



- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
(USDC No. 95-CV-214)
- - - - - - - - - -
May 16, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

    Appellants appeal from the district court's order dismissing their 42 U.S.C. § 1983 civil rights action for lack of standing. They argue that the district court's decision is contrary to the Supreme Court's decision in County of Riverside v. McLaughlin, 500

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

U.S. 44, 51-52 (1991).  Ramirez and Vargas also argue that although their claims may be moot, they are capable of repetition yet evade review.  We have reviewed the record and the district court's opinion and find no reversible error.  Accordingly, we affirm the dismissal of the claims of Ramirez and Vargas for essentially the reasons given by the district court.  Ramirez v. Harmon, No. 95-CV-214 (W.D. La. March 2, 1995).  We affirm the district court's determination that Farmer and Wyly lack standing on the alternative ground that they do not have a cause of action for an unconstitutional detention without a prompt probable cause determination.  See Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981).[2]

AFFIRMED.

---

[2]  In their § 1983 complaint, Ramirez and Vargas included a reservation of rights to assert claims for monetary damages, but they have not pursued that issue here and we do not address it here, whether as to standing or otherwise.